### RANDOLPH et al. v. STATE ex rel. AWTREY.

No. 22445.   Nov. 13, 1934.

Rittenhouse, Lee, Webster & Rittenhouse and Guy Green, for plaintiffs in error.

Paul D. Sullivan, E. B. Anderson, and E. N. Anderson, for defendant in error.

McNEILL, J.   This is an action for recovery of a statutory penalty. The question involves a school warrant issued by a common school district in payment of premiums on three separate insurance policies covering the physical properties of said school district for a term of three years.

The state of Oklahoma ex rel. H. G. Awtrey, a resident taxpayer of school district No. 15, Jefferson county, Okla., obtained judgment in the district court of said county against the members of the school board of said district, the insurance companies, and their agents.

The petition alleged, in substance, that H. G. Awtrey was a resident and taxpayer of said common school district; that the defendants T. C. Randolph, A. E. Sarratt, and C. A. Faulkner were the duly elected and qualified and acting director, clerk, and member, respectively, of the district board of said school district from March 31, 1925, to January 1, 1927; that the defendant J. L. Harper and W. H. Roff were the agents of the defendant insurance companies; that said members of the school board of said school

district ordered and directed by a warrant the payment of the funds belonging to said school district in the hands of the county treasurer of said county for the fiscal year ending June 30, 1926, to cover the premiums on said insurance policies; that said warrant was registered by the county treasurer of said county on November 27, 1925, and was paid on March 21, 1927, to said agents.

The petition further alleged that the claim, warrant, and expenditures were illegal and fraudulent and were known to be such by the said members of the school board, insurance companies, and said agents; that said warrant was drawn and delivered, and said expenditure was made in pursuance of an unlawful, unauthorized and, fraudulent contract and agreement made or attempted to be made by said three members of the said school board for said school district whereby said insurance companies were to issue policies of insurance to said school district covering the physical property of said school district for the term of three years beginning in December, 1925, and ending in December, 1928, and the said school district would pay said insurance companies the sum of $2,439.80 as premiums covering said policies; that pursuant to said illegal agreement said school board issued and delivered the warrant in question to said agents.

It was further alleged that the expenditure for premiums was illegal and fraudulent for the reason that the same was in payment of expenses not chargeable against the then current fiscal year; that a greater portion thereof was in payment for expenses chargeable against future years; that the amount of the approved estimate for insurance for said school district for said fiscal year was only $279.44, and this fact was at all times known to said insurance companies and said agents. There are other matters pleaded in furtherance of the alleged fraudulent transaction, concerning which detailed matters we are not concerned.

The members of the school board and said agents filed a demurrer alleging that plaintiff had no legal capacity to sue; that there was a defect of parties plaintiff; that several causes of action are improperly joined; and that the petition did not state facts sufficient to constitute a cause of action. The defendant insurance companies filed a separate demurrer alleging the same grounds. These demurrers were overruled, and thereafter the defendant insurance companies filed their answer alleging that plaintiff had no legal

capacity to sue; that there was a defect of parties plaintiff and defendant and that school district No. 15 and the county treasurer of said county were necessary parties to the action, and that the cause of action attempted to be stated was barred by the statute of limitations.

After plaintiff had introduced its evidence and rested, the insurance companies demurred to the evidence of plaintiff. The demurrer was overruled, and said defendants elected to stand upon their demurrer to the evidence and their motion for a directed verdict. The court overruled said demurrer and refused to direct a verdict in favor of the defendants. Thereupon, the court, on motion by plaintiff, directed a verdict for plaintiff in the sum of $2,439.80, from which judgment this appeal has been lodged in this court.

The insurance companies, plaintiffs in error, urge on appeal that the court was without jurisdiction to hear and determine this action; that the order of the court which was made on April 25, 1930, substituting consolidated district No. 54 in place of school district No. 15 was error; that it was a necessary prerequisite to the right of plaintiff to institute and maintain his action under section 10383, C. O. S. 1921, that each school district be made a party defendant; that the cause of action was barred by the statute of limitations. There are other errors which are urged on appeal, with which we are not concerned for a determination of the question involved herein.

The major question involves the jurisdiction of the trial court to render a judgment against said defendants when school district No. 15 had never been made a party defendant.

There appears to be no dispute as to the facts in this case. The action was commenced on September 5, 1927. School district No. 15 was never made a party defendant. The petition, however, did contain the following words, to wit:

"That school district No. 15, Jefferson county, state of Oklahoma, is a body corporate and politic, organized under the laws of the state of Oklahoma, and has been such at all times herein mentioned, and is made a defendant herein as required by the laws of the state of Oklahoma."

Sometime after the suit was filed, the name "school district No. 15" was interlined as a defendant in the caption of the petition, but no summons was ever issued to or served

on said school district. It is not shown by the record when said interlineation took place nor the circumstances surrounding the same. On September 18, 1929, while said action was pending in the district court, said school district No. 15 was by order of the superintendent of public instruction of said county consolidated with other districts into consolidated school district No. 54. On March 21, 1930, the plaintiff moved for an order substituting said consolidated district No. 54 as party defendant in place of school district No. 15, which order of substitution was made April 25, 1930. After said order of substitution was made, said consolidated school district No. 54 was served with summons.

The warrant in question was issued on November 25, 1925, upon a claim against the funds of the district for the fiscal year ending June 30, 1926. The county treasurer registered said warrant on September 27, 1925, and indorsed a statement on the same that funds were not available to pay the same. The warrant was paid on March 21, 1927. On November 15, 1926, 11 months and 20 days after the date of the warrant, the first taxpayers' notice and demand was served upon the school board to institute and diligently prosecute proper proceedings at law for recovery of the money named in the warrant. It is to be observed that this notice and demand was served upon the school board before the warrant had been paid. The second taxpayers' notice and demand was served on the school board on June 20, 1927, approximately three months after the warrant was paid. On September 5, 1927, the instant action was filed, which was less than one year after the serving of the first taxpayers' notice and demand and also less than a year after the service of the second notice and demand by the taxpayers.

Section 6832, O. S. 1931 (10384, C. O. S. 1921), provides in plain and specific terms that the school district shall be made a party defendant. We must construe this penalty statute strictly and not liberally. The right to maintain an action is purely statutory. It is a personal action and nonassignable. State ex rel. Mitchell v. Shawnee, 167 Okla. 582, 31 P. (2d) 552. No one can invoke the benefit of a penal statute without bringing himself within its terms. Simmons v. American Ry. Express (Ark.) 227 S. W. 414; Osborne v. Int. R. Co. (N. Y.) 123 N. E. 849. The conditions imposed by the penal statute are conditions precedent.

State ex rel. Schilling v. Oklahoma City, 67 Okla. 18, 168 P. 227.

A party is not made a defendant by inserting the name of such party as a defendant in the caption of pleadings. No praecipe for a summons was ever filed against said school district No. 15, and no summons was ever issued against said school district. The court acquired no jurisdiction over said school district No. 15. It is fundamental and jurisdictional in an action of this nature that there be a strict compliance with the essential requirements of a penalty statute. In this kind of an action the taxpayer sues for the school district as well as for himself. Plaintiff was required to join as a party defendant school district No. 15, which he had alleged had suffered a wrong on the part of the other defendants. This jurisdictional question was timely presented by the defendants.

Judgment is reversed and the cause is remanded, with directions to render judgment for defendants, the insurance companies, their agents and the members of the school board of school district No. 15.

RILEY, C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS, BAYLESS, and WELCH, JJ., absent.