## WALE et al. v. BOSTICK.

No. 21944.  Jan. 29, 1935.

Bell & Seaton, for plaintiffs in error.

Moss & Young, for defendant in error.

PER CURIAM. This is an appeal from a judgment rendered against the plaintiffs in error, defendants below, in the district court of Tulsa, county in a real estate mortgage foreclosure proceeding. Hereinafter the parties will be referred to as they appeared in the trial court.

The petition of the plaintiff alleges: (1) The execution and delivery of a note and mortgage; (2) breach of the terms of the mortgage in the nonpayment of taxes; (3) the compelled payment of past-due interest on a prior mortgage; (4) the absence of the mortgagor from the state; (5) his insolvency; and (6) the necessity for the appointment of a receiver.

All defenses were covered by one defendant who files answer alleging: (1) The execution of the note and mortgage was the result of a conspiracy to defraud the defendant and therefore invalid; (2) that the mortgage was not signed by her; (3) that the land described in the mortgage was her homestead; (4) that the complained of taxes were due and unpaid at the time the note and mortgage were executed and delivered; (5) that the action was therefore prematurely brought; and (6) that, because of the value of the property, no receiver should be appointed.

The defense prays: (1) That the note and mortgage be declared null and void and of no effect; (2) but, if good, foreclosure be denied because of no breach of the terms of the mortgage; (3) that the appointment of a receiver be denied; and (4) that the defendant be allowed an attorney's fee against the plaintiff.

A perusal of the record discloses several interesting phases involving close questions of law and from a technical point of view worthy of careful analysis, but by the briefs of the parties there is but one question for consideration. The question requires, if any, only the following additional statement of facts:

(A) No pleading was filed on behalf of the defendants other than their answers.

(B) The note sued upon had matured and was wholly unpaid at the time the action was called for trial.

(C) No objection to going to trial on the issues joined by the petition and the answers was made by any defendant.

The only assignment presented by the defendants is that, "The court erred in refusing to dismiss the petition of the plaintiff on the ground and for the reason that said action was prematurely brought." In response the plaintiff contends that even if prematurely brought, "the right to insist upon the defense of premature action" was waived.

Therefore, the one question to be considered is, Did the defendants waive their plea of a premature action by joining it— a plea of abatement—with the general issue and asking for affirmative relief?

In DeSobry v. Nicholson, 3 Wall. 420, 70 U. S. 263, in the fourth paragraph of the syllabus, it is stated:

"If a plea of abatement be filed with the general issue, the latter waives the former."

In the body of the opinion it is stated:

" 'The objection to jurisdiction upon the ground of citizenship, in an action at law, can only be made by a plea in abatement. After the general issue, it is too late.' Smith v. Kernochen, 7 How. 216.

"If a plea in abatement be filed with the general issue, the latter waives the former." Bailey v. Dozier, 6 How. 30; Sheppard v. Graves, 14 How. 505.

"An answer in the nature of a plea in abatement should be pleaded separately" and determined before an answer to the merits is interposed. Hopwood v. Patterson, 2 Ore. 49.

From the body of the opinion of our own court, in El Reno Electric Light & Telephone Co. v. Jennison, 5 Okla. 759, 50 P. 144:

" '* * * It was said in Meixell v. Kirkpatrick, 29 Kan. 679: "A party who denies the jurisdiction of the court over his person must first present this single question. He may not mingle with his plea to the jurisdiction other pleas which concede jurisdiction, and thereafter insist that there was error in overruling his plea to the jurisdiction. As heretofore stated, the defendant, by his demurrer, raised a number of questions other than those which were jurisdictional, and invoked the judgment of the court thereon. By such other pleas he submitted himself and his rights to the jurisdiction of the court, and can no longer be heard to say that it had no jurisdiction." '

"Now, we think the principle which controlled that decision also governs here, although the question there was one of jurisdiction over the person of the defendant, while here it was one pertaining to the proper time to bring an action. The principle governing the cases, however, is the same. * * *"

We find no error in the issue raised, and the judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of District Judge W. A. Woodruff in the preparation of this opinion.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.