## INCORPORATED TOWN OF BENNINGTON v. FIRST NATIONAL BANK OF BENNINGTON.

No. 25935.   May 7, 1935.

O. C. Hatchett, for plaintiff in error.

Utterback & Stinson and Priscilla Utterback, for defendant in error.

GIBSON, J. Plaintiff in error was plaintiff below and the defendant in error was the defendant in the trial court. They will be referred to herein as they appeared in the trial court.

This action was instituted in the district court of Bryan county by plaintiff filing its petition seeking to recover a sum of money for interest on a deposit of public moneys made by the plaintiff's treasurer with defendant.

Plaintiff's petition alleged, in substance, that the defendant was a banking association engaged in the general banking business and that it was the duly designated county depository for public moneys of Bryan county, and that it was also the designated depository for public funds of the plaintiff. Plaintiff further alleged that the defendant had knowledge of the fact that the funds deposited were public funds, and that by reason of such knowledge and by reason of the defendant's acceptance of the deposit, the defendant incurred a liability under the statute to pay the interest sued for. Plaintiff's petition also contains the allegation that the town treasurer was also an officer of the depository bank, and that he advised the board of trustees of the town that the deposits with the defendant bank were drawing interest at the rate of 3 per cent. per annum. In view, however, of the plaintiff's concession that the liability of the defendant, if any, was incurred by reason of the statutory provisions hereinafter mentioned, and that there was no contract, agreement, or representation under which defendant agreed to pay interest, we will not consider the allegation in plaintiff's petition with reference to the representations made to the board of trustees by the town treasurer, who was also an officer in the bank.

The defendant filed a general demurrer to the petition, which was sustained by the trial court.

Plaintiff having elected to stand on its petition, an order and judgment was entered dismissing the cause. From that judgment, plaintiff prosecutes this appeal.

In legal effect the plaintiff has pleaded a statutory obligation on the part of the defendant to pay interest on public funds. Such an obligation has been defined as a constructive, or quasi, contract.

In the case of In re United Button Co., 140 Fed. 495-502, it is said that, "A statutory obligation, which does not rest upon consent of the parties, is clearly quasi con-

tractual in its nature." (Keener, Quasi Contracts, page 16.)

A quasi contract is one where liability exists from implication of law arising from facts and circumstances, independent of agreement or personal intention, based on the doctrine of unjust enrichment; the agreement being one defining the duty of defendant rather than his intention. (6 R. C. L. 58; Words & Phrases.) And a quasi contract exists where obligation to pay money is imposed by statute. (13 C. J., p. 245.)

In order to determine whether or not the petition in the present case states a cause of action, the court will examine in connection therewith the sections of the statutes which the plaintiff alleges impose upon the defendant the obligation to pay interest on the fund in question. Said sections, or the applicable portions thereof, are as follows:

Section 7428, O. S. 1931:

"In all counties, the county treasurer shall deposit daily all the funds and money of whatsoever kind that shall come into his possession by virtue of his office as such county treasurer in his name as county treasurer in one (1) or more banks located in the county and designated by the board of county commissioners as the county depositories. * * * Each bank designated shall receive all monies, checks, or drafts at par and pay interest on the average daily realized balance at the rate of not less than three per cent. (3%) per annum and shall pay the same monthly to the county treasurer. * * *"

Section 5922, O. S. 1931:

"That county treasurers, treasurers of cities, towns, boards of education, and township boards, shall each day hereafter make a deposit of all uninvested sinking fund money in their hands in banks designated by the board of county commissioners as county depositories and furnishing the security now required by law at not less than three (3%) per cent, interest, per annum, on daily realized balances."

Section 5957, O. S. 1931:

"No treasurer of any city, town or village, treasurer of the board of education of any city, township treasurer, nor school district treasurer in this state, shall deposit any of the money belonging to such city, town, village, the board of education of such city, township treasurer or school district treasurer, in any bank which will not pay for such money not less than three per cent. interest on the average daily balance of all such money in said bank; pro-

vided such interest shall become a part of the funds on deposit."

If plaintiff's petition states a cause of action against the defendant, it must be found in the foregoing sections of the statutes, and the same must be in the form of an obligation specifically defined as a duty upon the defendant to pay money to the plaintiff; or, in addition to such statutory obligation, it must appear that the defendant has been "unjustly enriched" at the expense of the plaintiff. This is plaintiff's theory of the case.

If the petition shows an unjust enrichment of the defendant at the expense of the plaintiff and such enrichment is defined by the terms of the statutes, or arises by virtue of such statutes, plaintiff has stated a cause of action both at common law and under the statute, and in that event the statutes would be of a remedial nature and susceptible of liberal construction.

The unrestricted use of money is a valuable right, and the defendant was probably enriched by the use of the funds in question. It is nowhere alleged that the plaintiff was deprived of the use of its money by unjust means, but it is to be presumed that the money was at all times available to the plaintiff. The petition does not allege an unjust withholding of the funds; therefore, on this theory of the case no cause of action is alleged.

In the absence of an allegation that the funds were wrongfully withheld, or in the absence of the element of estoppel, do these statutes impose upon the defendant an obligation to pay the interest sued for? A statute creating such an obligation creates a forfeiture and a forfeiture is in the nature of a penalty, and, in this case, would amount to a penalty exacted from the defendant for failure to perform an alleged duty. (25 R. C. L. 765.) Such is the legal effect of the plaintiff's petition.

In such cases, statutes relied upon as creating a forfeiture or penalty will be strictly construed. (25 R. C. L. 1081, 1082.) Penalties must be expressly imposed by statute, as is stated in 25 C. J. 1179, as follows:

"Penalties are purely the creatures of the Legislature. They cannot be created by judicial implication, but must be expressly imposed by statute. * * *"

Unless the sections of the statute under consideration expressly impose upon the defendant the obligation to pay interest on

166

the public fund here under consideration, we must hold that no such obligation existed, in the absence of contract or some element of estoppel.

Section 7428, supra, applies only to the county treasurer. It gives definite instructions to him as to the deposit of public funds. No other officer is considered by this section, and the same cannot apply to a town treasurer.

Sections 5922, supra, and 5957, supra, even if liberally construed, place no obligation upon a bank to pay interest in the absence of an agreement to pay.

We are of the opinion that the trial court did not err in sustaining defendant's demurrer.

The judgment is affirmed.

McNEILL, C. J., and RILEY, PHELPS, BUSBY, and CORN, JJ., concur.