STATE for Use of BOARD OF COUNTY COM'RS OF PONTOTOC COUNTY ex rel. BRALY v. FORD et al.

No. 30003. Sept. 16, 1941.

*116 P. 2d 988.*

Claud V. Thompson, of Ada, for plaintiff in error.

Carloss Wadlington, County Atty., and J. W. Dean, Asst. County Atty., both of Ada, for defendant, Board of County Commissioners of Pontotoc County.

GIBSON, J. This is a taxpayer's action instituted pursuant to sections 5964, 5965, O. S. 1931, 62 Okla. Stat. Ann. §§ 372, 373, against a former county treasurer of Pontotoc county and his surety, and certain other parties, to recover sinking fund money allegedly expended in an unlawful manner for certain securities.

The petition contained two counts; the first, against the treasurer and his surety to recover the full amount of the money expended; the second, against

the treasurer and others for whose benefit the expenditure was made.

Section 5964, supra, makes public officers personally liable for the illegal expenditure of money entrusted to their care as alleged in the present case, and this court has held that their sureties may be joined with them in an action to recover the money instituted by an informing taxpayer pursuant to section 5965. See State ex rel. Sheel v. Ingram, 164 Okla. 244, 23 P. 2d 648, and cases there cited. The latter section provides that upon the refusal, failure, or neglect of the governing officials of the city, county, or other governmental subdivision therein named, as the case may be, after written demand of a certain number of resident taxpayers, to institute or diligently prosecute an action for the recovery of the alleged misappropriated money, any resident taxpayer of the political subdivision affected, after service of the demand aforesaid, and after giving security for costs, may institute and maintain in the name of the state as plaintiff any proper action which the proper officers might institute and maintain for the recovery of the money. And one-half of any recovery resulting from such action prosecuted at the expense of the taxpayer goes to the taxpayer as a reward.

The defendant board of county commissioners moved to dismiss, abate, or stay both causes of action, alleging as to the first that on written demand of taxpayers as required by section 5965, supra, served on the board September 7, 1938, the board on the same day authorized the county attorney to institute suit against the treasurer and his surety to recover the alleged loss; that the county attorney immediately ordered an audit of the treasurer's records, and that during the progress of said audit, October 5, 1938, the plaintiff commenced this action without due opportunity to the board and the county attorney to prepare the case; that on February 16, 1939, and before the present case was at issue, the county attorney did commence a proper action against

the treasurer and his surety to recover the loss aforesaid, and that the present action was premature.

At the hearing the trial court declined, on the taxpayer's request, to determine whether the above motion should be treated as a motion or an answer. Thereupon plaintiff taxpayer interposed his response to the motion, and at the hearing objected to the introduction of evidence in support of the allegations contained in the motion on the ground that the facts so alleged were matters of defense and questions to be determined by a jury. This objection was overruled, as was further demand for jury trial.

The court proceeded to hear the evidence, and sustained the motion as to the first cause of action, and overruled it as to the second.

Plaintiff appeals from that portion of the order sustaining motion to dismiss the first cause of action, asserting that the court erred in denying his request for a jury.

The allegations contained in the motion, says plaintiff, relate wholly to matters of defense to be pleaded by way of answer and to be determined on trial on the merits, and cannot be heard as a preliminary question of jurisdiction of the parties, the subject matter, or power of the court to grant the relief sought; that the action is one for the recovery of money, entitling him to a jury trial of all the questions of fact. Section 350, O. S. 1931, 12 Okla. Stat. Ann. § 556.

The board of county commissioners takes the position that it was incumbent on the plaintiff to show his authority to maintain the action after having commenced the same, and that the want of due diligence on the part of the board in prosecuting a proper action after statutory demand was a condition precedent to such authority, and that the question was subject to determination by the court as in abatement.

Plaintiff in support of his above argument relies mainly on State ex rel.

Morrison v. City of Muskogee, 70 Okla. 19, 172 P. 796; State ex rel. Sheel v. Ingram, 164 Okla. 244, 23 P. 2d 648. In the Morrison Case the informing taxpayer, after demand as required by section 5965, above, commenced an action for the recovery of money alleged to have been illegally expended by the city officials. The governing board of the city subsequently brought suit on the same cause of action, and thereupon moved to dismiss the taxpayer's suit. This court held that the taxpayer plaintiff in such case has a substantial interest in the cause of action, and, in effect, that in order to divest him of that interest and defeat his cause of action the city would be compelled to plead and prove by way of defense on the merits that it had instituted its suit and prosecuted the same with diligence as contemplated by section 5965, above. In construing the sections in question, which were sections 6777, 6778, R. L. 1910, and sections 8590, 8591, C. O. S. 1921, the court held as follows:

"When a city refuses, fails, or neglects to bring suit when money has been unlawfully paid out or property unlawfully transferred by city officials, after written demand by ten or more resident taxpayers that such suit be brought, and thereafter an action is begun by a resident taxpayer to recover the penalty prescribed by sections 6777 and 6778, Rev. Laws 1910, the resident taxpayer bringing the suit has a substantial interest in the cause of action, which is not affected by a suit subsequently brought by the city."

But the last clause of the quoted syllabus can hardly stand in the face of the language employed in the opinion wherein the court clearly intimates that a subsequent suit filed by the proper officers of the city, if prosecuted diligently, would defeat the taxpayer's action. Such a suit instituted and prosecuted diligently would undoubtedly defeat the taxpayer's action.

In State ex rel. Sheel v. Ingram, supra, it was held on authority of the Morrison Case that diligence on the part of the proper officials in prosecuting the action after the statutory demand is a matter of defense against the taxpayer's action.

Cases of this character are for the recovery of money and are therefore triable to a jury as a matter of right on the part of the litigants. Section 350, supra. If diligence on the part of the officers in prosecuting their suit must be pleaded as a defense against the taxpayer's action, and may not be pleaded in abatement, the question would be for the jury under proper instructions.

But the board's contention that the motion or plea in abatement was the proper procedure in this case is based on sound reasoning and is not without supporting authority. It is to be remembered that actions to recover for the default of public officers are actually for the benefit of the county or municipality suffering the loss. The county here had the exclusive right through its commissioners to institute and maintain this action in its own behalf (Leeper v. State ex rel. Waters, 171 Okla. 235, 42 P. 2d 821), unless the board has refused, failed, or neglected to institute the suit and to prosecute the same with diligence. On failure of the board in this regard the informing taxpayer may institute a suit as provided by the statute and thereby acquire a substantial interest in the subject matter of the litigation.

But, in view of the plain provisions of the statute, we cannot escape the conclusion that failure of diligence on the part of the board to institute or to prosecute a proper action is a condition precedent to the taxpayer's right to institute a suit. There is always the general presumption that public officers have performed, or will perform, their duties (Wedgwood v. Boyd, 174 Okla. 531, 51 P. 2d 299). Before it is made to appear that they have not been delinquent in this regard there is no occasion for the taxpayer's suit. Until such showing is made, the suit is premature and, if premature, it should be abated.

Concerning a taxpayer's suit of this character, we find the following in 19 R. C. L. 1167-1168:

"But before a taxpayer may maintain an action to compel the repayment of municipal funds, he must request the appropriate officers of the municipality to act. This is the rule with respect to suits by a stockholder in behalf of a private corporation unless the circumstances are such as to indicate affirmatively that a demand would be unavailing. And there is even stronger ground for exacting a similar request of the governing body of a public corporation, and a showing of neglect or refusal, as a condition precedent to the institution of suit by a taxpayer for the recovery of money illegally diverted from its treasury. Public officers are always presumed, in the absence of any showing to the contrary, to be ready and willing to perform their duty; and until it is made to appear that they have refused to do so, or have neglected to act under circumstances rendering this equivalent to a refusal, there is no occasion for the intervention of the citizen for the protection of himself and others similarly situated."

In State ex rel. Schilling v. Oklahoma City, 67 Okla. 18, 168 P. 227, it was specifically held that the right to institute an action of this character does not accrue to the taxpayer until the performance of *conditions precedent* prescribed in section 5965, supra. In the body of the opinion those conditions are named as follows:

"The language of the act seems clear that the notice required by section 6778 is a condition precedent to the right to commence the action, and until a written demand has been made upon the proper officers to bring suit by ten resident taxpayers, and their failure, neglect, or refusal to do so, that a taxpayer would have no authority to commence proceedings. This question was discussed in Territory ex rel. Johnston et al. v. Woolsey et al., supra, and it was there said:

" 'An action cannot be instituted by a taxpayer or taxpayers until two things have occurred, in addition to the unlawful act of the officers: First, the officer whose duty it is to prosecute an action for the recovery of the money misappropriated or the property wrongfully transferred and for the penalty must have failed to prosecute such action; and, second, such failure and refusal must have occurred after demand therefor by ten resident taxpayers of the city.' "

And in State ex rel. Payne v. School District No. 97, etc., 186 Okla. 177, 97 P. 2d 548, an action of this character pertaining to a school district, and arising under statutes similar to sections 5964, 5965, supra, the court said:

"The basis of plaintiff's action is sections 6831, 6832, O. S. 1931 (70 Okla. St. Ann. §§ 132, 133). Section 6831, supra, describes the basis and extent of liability of school district officers, and section 6832, supra, prescribes the conditions upon which a resident taxpayer may institute and maintain an action to enforce the liability. The latter section contemplates that before the action may be instituted, a written demand, signed by ten resident taxpayers, must be made upon the proper officers of the school district and the officers must have failed, refused or neglected to 'institute or diligently prosecute' an appropriate action."

The question of diligence of the officers was submitted to the jury in that case without objection on the part of the litigants, and the particular matter here under consideration was therefore not before the court, but the above language expresses the law with regard to the conditions precedent to the right of the taxpayer to institute and maintain his action.

The board's objection goes to the time of the assertion of the taxpayer's claim. The argument is that the suit was premature for the reason that the officers actually had been diligent within the meaning of the statute. The justice of the taxpayer's claim is not disputed; the board only asks that the suit remain in abeyance pending diligent prosecution of the county's action. It is urged that if the board has complied with the statute in the matter of diligence, the taxpayer's action was premature and should be abated; that the trial court may properly determine that issue on proper plea preliminary to trial on the merits.

A plea that does not dispute the justice of plaintiff's claim, but objects to the time of asserting it, is a plea in abatement (1 C. J. 26, § 1); and such pleas must be interposed prior to answer on the merits or the same are waived. Wale v. Bostick, 170 Okla. 388, 40 P. 2d 631.

This controversy does not necessarily present a question of defect of parties plaintiff, but whether a cause of action had accrued to the taxpayer when he instituted his suit.

If "refusal, failure or neglect of the proper officers . . . to institute and diligently prosecute" an action, after written demand, is, as declared in the above cases, a condition precedent to the taxpayer's right to institute and maintain his action, then such action is premature until the condition takes place. In order to remain in court he must show, on challenge of his right, that the condition has been fulfilled. If he fail in this attempt, his cause should be abated. In view of the decisions above cited, and the general rule in such case, this conclusion is inescapable.

In 44 C. J. 1418, sec. 4596, it is said:

"If it appears that the municipal authorities are ready and willing to take the steps necessary to protect the interests of the municipality and of the taxpayers, ordinarily the latter have no right to sue to protect such interests; therefore, it is usually held that taxpayers may not maintain an action to recover on account of, or to compel an accounting for, municipal funds or other municipal property wrongfully misappropriated, taken, or held, in the absence of a showing that the proper municipal authorities have failed or refused to act after request by taxpayers."

See, also, 44 C. J. 1382, § 4563.

The action was clearly premature. The remedy was abatement. As said in 1 C. J. S. 125, § 85, "An action is subject to abatement on the ground that it was brought prematurely." That is the general rule.

The order of the trial court sustaining the motion and dismissing the action abated the action. The effect of abatement is stated in 1 C. J. S. 29, § 2, as follows:

"Even under the strict rules of the common law, the abatement of an action is not fatal to the cause of action; the customary procedure used to bring about an abatement was not designed to operate upon any substantial rights or liabilities as between the parties, pleas in abatement offering objections to form rather than substance and merely delaying the right to sue by defeating the particular action, and dilatory pleas, generally, not affecting the merits of the cause of action; so that, whatever its effect upon the particular action, abatement never bars the institution of another suit or action involving the assertion or enforcement of the same rights as those urged in that which is abated."

Abatement on the ground of prematurity does not merely suspend the action, but extinguishes it. Such is the rule in this state, for we have heretofore held that "the nonexistence of a cause of action when suit is brought is a fatal defect which cannot be cured by the accrual of a cause while the suit is pending." Bank of Chelsea v. School Dist. No. 1, 62 Okla. 185, 162 P. 809. But the right remains with the plaintiff to institute a new action when the cause accrues.

Insofar as our decisions in State ex rel. Morrison v. City of Muskogee, and State ex rel. Sheel v. Ingram, supra, are in conflict with our conclusion herein, the same are hereby overruled.

The evidence fully supports the trial court's finding that the officers had not failed to act diligently in instituting and presenting the suit on behalf of the county. The judgment is therefore affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, BAYLESS, and ARNOLD, JJ., concur. HURST and DAVISON, JJ., concur in conclusion. OSBORN, J., dissents.

OSBORN, J. (dissenting). I concede that there must be strict compliance with the requirements of the statute to authorize the institution of a suit by a taxpayer under the authority granted by the provisions of sections 5964-5965, O. S. 1931, 62 Okla. St. Ann. §§ 372-373. See Randolph v. State ex rel. Awtrey, 169 Okla. 440, 37 P. 2d 648. The conditions imposed by said statutes are not only clear and explicit, but have been referred to in a number of the decisions of this court. In the first place such taxpayer must cause a written demand to be served upon the proper officers, and if said officers refuse, fail, or neglect to institute or *diligently prosecute* proper proceedings for the recovery of the money or property, a taxpayer is authorized to proceed to institute and *maintain* any proper action which the officers might have instituted and maintained for the recovery of such property or money.

It may be conceded that upon the hearing of the motion above referred to, the board of county commissioners established the fact that they had instituted a proper action for the recovery of money herein involved and the penalty, but I cannot conceive that the law intended to place the burden upon any judicial officer of determining, at the incipiency of an action, the degree of diligence with which it would be prosecuted. The law does not contemplate a half-hearted prosecution of such an action (State ex rel. Sheel v. Ingram, 164 Okla. 244, 23 P. 2d 648), and authorities therein cited. In said case we pointed out that the burden would be upon the relator to prove that the officers instituting a suit had failed to prosecute the same with diligence before he would be entitled to recover in his action. I do not agree with the contention of the plaintiff in error that said language means that a jury must pass upon the question of whether or not there has been diligent prosecution by the officers. The issue, when presented, goes not to the cause of action, but to the procedural right of relator to institute and maintain the same for the benefit of the municipality. I concede that the pendency of a suit by the proper officers is a defensive matter which could be properly raised by a motion to stay the proceedings. But I do not concede that relator's action should have been dismissed upon a showing that an action had been filed by the proper officers of the county. The trial court could not determine, nor can this court determine, whether or not that action will be prosecuted with due diligence. If the prosecution of that case should be neglected, or improperly terminated, the surety company, chargeable by contract with answering for the malfeasance of the county treasurer, might escape its contractual obligation, for it has already been eliminated from the relator's action by the sustaining of the motion to dismiss relator's first cause of action.

It is thus clear to me that the majority opinion in this case results in the opening of an avenue whereby the wholesome and salutary purposes of sections 5964-5965, supra, may be defeated.

I therefore respectfully dissent.