GREENLEASE-LEDTERMAN, Inc., et al. v. HAWKINS.

No. 32728.    Oct. 28, 1947.

*186 P. 2d 318.*

A. M. Covington, of Tulsa, for plaintiffs in error.

Hughey Baker, of Tulsa, for defendant in error.

ARNOLD, J. Buddy Hawkins, an infant, by his father and next friend, sued Greenlease-Ledterman, Inc., a corporation, and Israel Gray, for personal injuries.

The pleadings and evidence disclose that on September 7, 1945, plaintiff, who was a student in the Horace-Mann School in the city of Tulsa, together with another student in that school, J. W. Peevy, were riding west on 11th street in said city on a motor scooter. The motor scooter belonged to Peevy and plaintiff was riding thereon at the invitation of Peevy, both boys being on the single seat of said scooter; Peevey being in front and plaintiff sitting immediately behind him and holding to the body of the driver with his feet resting on the lower part of the frame of said machine. Defendant corporation operated a garage and salesroom on the north side of 11th street in the block immediately west of Boston Avenue. The service entrance of the garage was near the west end of the building in which the garage was operated and as these boys on the motor scooter approached a point on the street opposite this service entrance a car was being backed out of the garage onto the street, the driver being the defendant Israel Gray, an employee of the company. Cars were parked along curb in front of the garage building at a 45 degree angle. At the point opposite the service entrance the scooter on which the boys were riding and the car which was being backed out of the garage collided, the exact manner in which the collision occurred being in dispute. Plaintiff's evidence is to the effect that the car was backed out of the service entrance rapidly and collided with the scooter, while defendants' evidence tended to show that the car had stopped at a point where its rear end was about even with the rear end of the car parked against the curb and that the scooter was driven into and against the rear end of the car while standing still. It is undisputed, however, that the right leg of plaintiff came into contact with the exhaust pipe at the rear of this car and he was thrown violently to the pavement. The Peevy boy and his motor scooter were not seriously injured, but plaintiff received two fractures of his right leg, one just above the ankle which broke both bones, and the other just below the knee which also broke both bones. Plaintiff was confined to a hospital for some 15 days and at the time of the trial, some three months after the accident, his leg was not completely healed. The testimony indicates that these injuries may have permanent disabling results.

In his petition plaintiff alleged several grounds of negligence on the part of defendants as being responsible for his injuries. Defendants in their answer denied their negligence and affirmatively pleaded contributory negligence on the part of plaintiff. The trial of the case resulted in a verdict in favor of plaintiff for the sum of $12,500, on which judgment was rendered and this appeal resulted.

The parties will be herein referred to as they appeared in the trial court.

For reversal of the judgment reliance is placed on three propositions thus stated in the brief of defendants:

"Error of the court in failing and refusing to permit the introduction of the city ordinance offered by the defendants.

"Error of the court in failing and refusing to permit the introduction of

evidence to establish notice and knowledge of the plaintiff of the danger in connection with his method of riding on the motor scooter.

"The verdict was the result of passion and prejudice and is excessive."

We think the correctness of defendants' first proposition must be denied.

In their answer defendants alleged that plaintiff was guilty of contributory negligence precluding recovery. Upon the trial of the cause defendants offered in evidence section 180 of Title 28 of the Revised Ordinances of the City of Tulsa, which section reads:

"The operator of a motorcycle or bicycle when upon a street shall not carry any other person upon the handle bar, frame, or tank of any such vehicle nor shall any person so ride upon any such vehicle."

Upon objection thereto by plaintiff, the court excluded the offered ordinance.

The manner in which plaintiff and his companion, Peevy, were riding the motor scooter, their positions thereon and the manner of its operation by Peevy were fully explained and described to the jury by witnesses, and after being so advised by the testimony the jury at defendants' request was permitted by the court, in charge of the bailiff, to examine and inspect the motor scooter. By this inspection the jury was able to determine whether the seat on the motor scooter was large enough to accommodate two 13 year old boys, and whether or not their position thereon showed the exercise of that degree of care for their own safety which ordinarily prudent persons of their age and capacity would exercise.

The ordinance in question is very specific as to the things prohibited. Plainly the ordinance is not applicable because the method of riding employed by plaintiff is not prohibited by the ordinance. We are asked to interpolate in the ordinance words which would make it cover the act of the plaintiff and his companion, Peevy, which defendants claim were violative of that ordinance. This we may not do. Randolph v. State ex rel. Awtrey, 169 Okla. 440, 37 P. 2d 648; Incorporated Town of Bennington v. First Nat. Bank, 172 Okla. 164, 44 P. 2d 872; State ex rel. Sweeney v. Oklahoma Natural Gas Corporation, 177 Okla. 62, 57 P. 2d 626.

The second proposition of defendants also involves the action of the trial court in excluding certain offered testimony by the witness, Jack Sevra. This witness was a school traffic policeman at the Horace Mann School. At the time of the accident he was directing traffic at the intersection of 11th street and Boston avenue and looking after the safety of school children crossing the intersection. He visited the scene of the accident a few minutes after it occurred and testified in reference to the position of the automobile involved in the accident and testified further that he went into the garage where the injured boy was and saw him. He was asked if he conversed with the boys at that time and stated that he did but that he did not know the injured boy. The action of the court in excluding certain offered testimony by this witness arose in this manner: Counsel for defendant said to witness:

"Now, I want to ask you one question here; don't answer until the court rules on it. Did you ever talk to these boys, or the boy operating this motor scooter, with reference to riding double in the way they were riding at the time?"

Objection to this question being sustained by the court, counsel for defendants then made the following offer of proof:

"Comes now the defendant and offers to show by this witness, if permitted to so testify, that as a part of his duties in charge of safety at this school, that he had instructed the students, and these

particular boys, not to ride motor scooters double, or in any way, such as was being done in this case, and that on numerous occasions he had taken them off when they attempted to do it in his presence."

Evidence of experience, knowledge and appreciation of the dangers incident to, the manner of riding such a vehicle indulged in by plaintiff on the occasion in question would have been pertinent to the question of whether the plaintiff acted as an ordinarily prudent person of his age and capacity would have acted under similar circumstances. Likewise, evidence of warnings or instructions which would have or did apprise the plaintiff of the dangers incident to such method of riding would have been competent. No such evidence was offered. The offer was to show that the school policeman had instructed the boys not to ride double on motor scooters and that on numerous occasions he had taken them off when they had attempted to do this. Such an offer is not one to show knowledge and appreciation of the dangers incident to the method of riding engaged in by plaintiff.

By their third proposition defendants make the claim that the verdict of the jury was excessive and indicates passion and prejudice. It is generally recognized in cases of this character that the determination of whether a verdict is excessive must depend upon the peculiar facts and circumstances of each individual case. Sand Springs Ry Co. v. McGrew, 92 Okla. 262, 219 P. 111.

The proof of primary negligence disclosed by the record is not so clear cut and positive as to make this an aggravated case. The testimony of witnesses on this point was in conflict. That plaintiff received painful and serious injuries is not disputed and upon the question of excessiveness of the verdict, we must rely on the expert medical testimony adduced. Dr. Ian McKenzie was called to attend the plaintiff immediately upon his arrival at the hospital. This witness is a bone specialist. His testimony disclosed that the more serious of the injuries received by the plaintiff was the fracture of both bones of his right leg about an inch and a half above the ankle joint; the second fracture was also of both bones and was just below the knee. His testimony discloses that the lower fracture will have a tendency to make the ankle joint stiff and that this condition may be permanent although he stated that it might be remedied later by an operation. The injured leg was in a cast some four months after the injury and the doctor testified that this would have a tendency to weaken the muscles of that leg. The right leg at the time of the trial was shown to be shorter than the other, and the doctor expressed the opinion that this condition would be improved with time but that it would not likely resume its original position without an operation. He further stated that in his opinion this leg would give the boy some trouble during the balance of his natural life.

Defendants cite and discuss a number of decisions by this court where verdicts have been held excessive in personal injury cases, but such citations give little assistance in determining the question here involved by reason of the general rule recognized by this court as above stated.

In view of the medical testimony above referred to and considering the age of the plaintiff at the time of the injury and the uncertainty as to the permanent nature of the injurious results produced by the accident, we are constrained to agree with the defendants in the contention that the verdict herein is excessive and that a remittitur should be required in the sum of $2,500. If such a remittitur is filed in this court before the mandate issues, the judgment will be affirmed in the sum of $10,000, otherwise, the judgment will be reversed and the cause remanded for a new trial.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, GIBSON, and LUTTRELL, JJ., concur. CORN, J., dissents.