RETAIL BUSINESS CONCERNS — CREDIT REPORTS
Failure to comply with Title 24 O.S. 81 [24-81] and 24 O.S. 82 [24-82] (1971) does not authorize criminal prosecution under Title 21 O.S. 21 [21-21] (1971). The Attorney General has considered your request for an opinion on the questions raised in your letter of October 4, 1971, where you, in effect, ask the following questions: 1. Does failure to comply with Title 24 O.S. 81 [24-81] and 24 O.S. 82 [24-82] (1971), authorize criminal prosecution under Title 21 O.S. 21 [21-21] (1971)? 2. Does an insurance firm come within the term "retail business concerns"? With reference to your first question, Title 24 O.S. 81 [24-81] and 24 O.S. 82 [24-82] do not set forth any criminal sanctions in those sections. Sections 24 O.S. 83 [24-83], 24 O.S. 84 [24-84] and 24 O.S. 85 [24-85] contain criminal provisions. However, Section 83 and 84 pertain to credit or financial ratings in "books or lists", and 85 pertains to establishing credit with a wholesale dealer. On the other hand, Section 81 and 82 pertain to single or individual ratings or opinions on individual persons that are not listed in books or lists, nor given to wholesale firms. Title 24 O.S. 81 [24-81] — 24 O.S. 85 [24-85] provides: " 81. Any person, firm or corporation engaged in or purporting to furnish retail merchants the financial or credit rating of any person who is the actual or prospective customer of such retail merchant shall, before furnishing such rating, submit, either in person or by mailing to his last known post office address to the person whose rating is about to be reported, a request asking for a statement of the assets and liabilities of such person. "82. Whenever an opinion in writing upon the financial or credit standing of any person is about to be submitted for the purpose of establishing a financial or credit rating of customers, to be used by the retail business concerns, the person, firm or corporation submitting such opinion shall first mail a copy of such opinion to the person about whom the opinion is given, at his proper post office address." 83. Any person, firm or corporation who knowingly promulgates or publishes a false opinion or statement in any book or list as to the credit or financial standing of any person, and circulates such book or list among wholesale or retail business concerns, shall be liable in damages to the person about whom the false opinion or statement is made, for the full amount of injury sustained, and in addition thereto for exemplary damages in any sum to be fixed by the jury, and shall also be guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not exceeding twenty-five dollars. " 84. Whenever a credit or financial rating of any person is contained in any book or list which was circulated among retail business concerns for the purpose of establishing a financial or credit rating of consumers, any person, firm or corporation having such book or list in his or its possession, custody or control shall, upon demand made in person, produce and show such rating to the person so rated; and any person, firm or corporation failing or refusing to comply with the above requirements shall be guilty of a misdemeanor, and upon conviction, shall be fined in any sum not less than twenty-five dollars nor more than one thousand dollars. " 85. Every person, firm or corporation, or the agent, clerk or employee thereof, who knowingly makes, causes to be made, or permits to be made, any false credit statement to any wholesale dealer, for the purpose of establishing credit in general or with such dealer, or to any person, firm or corporation engaged in furnishing credit statements to wholesale merchants in general or to any particular person, firm or corporation engaged in the wholesale business, shall be fined in any sum not less than twenty-five dollars nor more than one thousand dollars." Since 83, 84 and 85 do not deal with individual opinions and have criminal provisions, while on the other hand, 81 and 82 deal with single or individual opinions and do not have criminal provisions, it can be argued that the Legislature did not intend for failure to comply with Sections 81 and 82 to be grounds for criminal prosecution. With reference to Title 21 O.S. 21 [21-21] (1971), this section provides: "Where the performance of an act is prohibited by any statute, and no penalty for the violation of such statute is imposed in any statute, the doing of such act is a misdemeanor." (Emphasis added) As noted, this section specifically provides for prohibition of an act. The case cited in your brief, United States v. Williams et al, (10th Cir. 1950), 184 F.2d 663, which in part interprets Oklahoma law, states on page 665: "If the law of the dry states prohibits all importation for required permits for all lawful importations, legal importations could be readily determined at the border. This was the manifest intention of Congress when the law was passed. If the dry state did not prohibit all importations but provided for a permit system allowing importations for limited or special purposes, then to make the Federal Act effective all other importations without a permit must be prohibited. This the Oklahoma statute has failed to do." (Emphasis added) This case appears to hold that to make an act criminally actionable, the act must be specifically prohibited. In this regard, Sections 81 and 82 do not specifically prohibit any act. In addition, the Oklahoma Supreme Court has held that forfeitures or penalties cannot be created by judicial implication, but must be expressly imposed by statute. See Incorporated Town of Bennington v. First National Bank of Bennington, 172 Okl. 164, 44 P.2d 872
(1935). In the case of Modisett v. Marmaduke, Okl.,394 P.2d 541 (1964), the Oklahoma court stated on page 544: "We approve the rule as stated in 82 C.J.S. Statutes, 389, page 926, as follows: " 'The rule of strict construction means that such statute will not be enlarged by implication or intendment beyond the fair meaning of the language used, or what their terms reasonably justify, and will not be held to include offenses and persons other than those which are clearly described and provided for, although the court in interpreting and applying particular statutes may think the legislature should have made them more comprehensive.' " Taking into consideration the fact that the Legislature provided for criminal provisions in Section 83, 84 and 85, and that criminal provisions were obviously left out of Section 81 and 82, it appears that it was the Legislative intent to exclude Sections 81 and 82 from being the basis for criminal prosecution. Also, since Title 21 O.S. 21 [21-21] (1971) provides for criminal prosecution of prohibited acts and that nothing is specifically prohibited in Title 24 O.S. 81 [24-81] and 24 O.S. 82 [24-82] (1971), this further adds to the contention that the Legislature did not intend for Sections 81 and 82 to be used as the basis for a criminal action. It is therefore the opinion of the Attorney General that your first question be answered in the negative in that failure to comply with Title 24 O.S. 81 [24-81] and 24 O.S. 82 [24-82] (1971) does not authorize criminal prosecution under Title 21 O.S. 21 [21-21] (1971). Since the answer to your first question makes the second question moot, this office will not attempt to answer your second question. (Todd Markum)