## STATE ex rel. BALDWIN v. CITY OF SHAWNEE et al.

No. 20047. Opinion Filed April 12, 1932. Rehearing Denied July 12, 1932.

Baldwin & Lamun and Roddie & Harrison, for plaintiff in error.

F. H. Reily and Tom C. Waldrep, for defendants in error.

CULLISON, J. Plaintiff instituted suit under sections 8590 and 8591, C. O. S. 1921, seeking to recover from defendants because of the execution of an alleged invalid contract between the city of Shawnee and the Layne-Western Company for the construction of a waterworks system.

Defendants demurred to plaintiff's amended petition, which demurrer was sustained by the court. Plaintiff elected to stand upon his amended petition and appealed to this court.

The record discloses that the city of Shawnee voted certain improvement bonds and that thereafter the mayor and city officials in behalf of the city of Shawnee entered into a contract with the Layne-Western Company whereby said company was to do certain waterworks construction for the city of Shawnee.

Plaintiff alleged, in his amended petition, that the contract was void because the same was indefinite and uncertain; that there were no current funds of the city of Shawnee in the city treasury with which to meet said expense; and that the same was not shown in the excise statement of said city; that the contract was not submitted to a vote of the people as provided in section 26, article 10, Constitution of Oklahoma, and that the bond commissioner had not approved the bonds on the date said contract was let, and not until the ____ day of ____, 1927; that the Layne-Western Company guaranteed that said waterworks improvements would produce three million gallons of water per day for a period of one year, but that shortly after said waterworks was completed the same only produced eight hundred thousand gallons of water per day, and that the guarantee of the said Layne-Western Company failed; that plaintiff had served notice upon defendants to proceed and collect on the contract in the amount of $69,750, the price of the waterworks improvements, but that defendants had failed to so do, and plaintiff brings this action seeking to recover double the amount of the money paid out and expended by the city, or for a total judgment of $139,500.

In considering the effect of defendants' demurrer to plaintiff's petition, the same should be overruled if the petition states a cause of action, but if the petition with the exhibits attached thereto, when construed together, do not state a cause of action, said demurrer should be sustained.

We have carefully examined the amended petition and the exhibits attached to plaintiff's original petition, and find that the contract under consideration is not sufficiently indefinite and uncertain as to make the same void.

The allegation that no money was in the treasury did not state a cause of action, because a municipality does not have to have money in the treasury to be able to make a valid contract.

Plaintiff further alleged in his petition that the contract was not ratified by a vote of the people as provided by section 26 of article 10 of the Constitution of the state of Oklahoma.

We have examined said section 26 and find that the same is a limitation upon cities, counties, etc., in the matter of indebtedness, and provides for a vote of the people before incurring such indebtedness. It provides the per cent. of voters that must favor said indebtedness and limits the amount of indebtedness in accordance with the valuation of the taxable property in said municipality.

Nowhere does said section in any wise pertain to the ratification of a contract for the improvement of a municipally owned publc utility, to wit, waterworks, by a vote of the people.

Section 27 of article 10, of our state Constitution pertains to public utilities, but said section in no wise contains the restrictions contended for by plaintiff. So that plaintiff's contention as pleaded in his petition is without foundation to support a legal cause of action.

Plaintiff next pleads that the bonds were not approved at the date the contract was let for said waterworks improvements.

After considering the allegations in the

petition and the exhibits attached thereto, we find that the same satisfactorily shows that bonds had been voted by the city of Shawnee and approved in 1927, and that the Layne-Western Company was paid the contract price for doing the work in question under the terms of its bid and contract with the city.

After considering the allegation in plaintiff's petition in connection with the exhibits attached thereto, we hold that the same does not plead a cause of action.

Plaintiff finally alleges that the city entered into a contract with the Layne-Western Company for the construction of waterworks improvements and that the Layne-Western Company guaranteed that said improvements when completed would produce three million gallons of water per day for a period of one year.

Plaintiff further alleges that said waterworks were completed and that the same failed to produce the amount of water as provided by said contract, and that instead of producing three million gallons of water per day, in September of 1928 the same did not produce to exceed eight hundred thousand gallons of water per day, and that the Layne-Western Company had failed to provide waterworks for the city of Shawnee in accordance with its guarantee.

In considering this allegation in plaintiff's petition, it will be necessary to determine whether or not the matters alleged therein are such as to constitute a cause of action for which defendants would be liable in such a suit as the case at bar.

The suit was filed under section 8590, which said section is as follows:

"8590. Liability of Public Officers: Every officer of any county, township, city, town, or school district, who shall order or direct the payment of any money or transfer of any property belonging to such county, township, city, town or school district in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for any such county, township, city, town or school district by any officer thereof, and every person, having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall be paid or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the county, township, city, town or school district affected, for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty, to be recovered at the suit of the proper officers of such county, township, city, town or school district, or of any resident taxpayer thereof, as hereinafter provided."

It will be observed that the section of the statute just quoted provides that a recovery may be had against the officials of a political subdivision when they have paid out any money or transferred property belonging to such subdivision in settlement of a claim, known to such officials to be fraudulent or void, in pursuance of an unauthorized, unlawful, or fraudulent contract or agreement.

We observe that the only type of claim or contract covered by said statute is where the same is fraudulent, void, unauthorized, or unlawful, and that when said contract or claim comes within said limitations and the officials pay out money on said contract or transfer property thereon, knowing said contract to be fraudulent, unauthorized, unlawful, or void, that then said officials become liable for said conduct.

Section 8591, C. O. S. 1921, provides that where the officials of a political subdivision refuse to prosecute a suit at law or in equity to recover money or property for a political subdivision upon a request of ten resident taxpayers of said political subdivision, then suit may be maintained against said officials of said subdivision because of their failure to protect the interest of said political subdivision.

Under said sections, supra, plaintiff instituted this suit.

We further observe that the question of the breach of guaranty raised in plaintiff's petition is not one of the elements enumerated in section 8590 for which the officials of a municipality would be liable.

The statute specifically sets out all of the different types or kinds of transactions under which the officials of the municipality would be liable.

If the matters pleaded in plaintiff's petition are not such as to come within the provisions of the statute under which this action may be maintained, then the same would not be a proper cause of action against the officials of said municipality.

If the waterworks as constructed by the Layne-Western Company did not meet the guarantee placed thereon by said company, said matter is a matter between the city and the Layne-Western Company, but the fact that said waterworks failed to produce the number of gallons of water guaranteed to produce does not make the contract for

constructing the same and paying therefor a fraudulent, void, unauthorized, or unlawful contract, so as to bring the same within the provisions of sections 8590 and 8591, and entitle plaintiff to maintain this cause of action.

We therefore hold that the amended petition of plaintiff did not state a cause of action and that the sustaining of the demurrer thereto was proper.

The judgment of the lower court is affirmed.

LESTER, C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.