## STATE ex rel. SWEENEY v. OKLAHOMA NATURAL GAS CORPORATION et al.

No. 26552. April 21, 1936.

Rehearing Denied May 12, 1936.

Norman Barker, for plaintiff in error.

Underwood, Canterbury, Pinson & Lupardos, for defendant in error Oklahoma Natural Gas Corporation.

PHELPS, J. For many years prior to July 31, 1931, the defendant distributed and sold gas in the city of Tulsa and maintained its gas lines under the streets and alleys, by virtue of a franchise granted it by the city. The franchise expired on July 31, 1931. Thereafter the defendant continued to do business and use the streets and alleys for the aforesaid purpose, and failed to pay compensation to the city of Tulsa for that privilege, in violation of the city's charter provisions.

The pertinent charter provisions in force at the expiration of the franchise prohibited such use of the streets and alleys without a franchise granted by the board of commissioners, directed that it be the duty of the board of commissioners and the city attorney to bring suit for ejection of any offender from the occupancy of such property, and to recover damages for the illegal use thereof. The charter further provided that franchise holders should pay compensation to the city, for the right or privilege enjoyed, in a sum not less than 1 per cent. nor more than 4 per cent. of the gross receipts. The plaintiff, a taxpayer of Tulsa, filed his petition in the name of the state against the gas company and the city of Tulsa and the board of commissioners of said city, alleging the foregoing, and that since the expiration of the franchise the defendant had gross receipts of at least $4,500,000 and had not paid any percentage thereof to the city for the use of said streets and alleys, and that he was therefore entitled to recover $360,000, which was double the aforesaid 4 per cent. of gross receipts, compensation due the city under the charter provisions, which the board of commissioners had failed and refused to collect from the defendant gas company, and that such continued use of the streets and alleys without paying compensation to the city was with the willful and illegal permission of the board of commissioners. The action was brought under our common informer statutes, sections 5964 and 5965, O. S. 1931. Upon the pleadings and opening statement of counsel the trial court rendered judgment for the defendants, and plaintiff appeals.

In rendering judgment the trial court stated, and it was so provided in the journal entry of judgment, that the court was not passing on the question of whether the city of Tulsa had a right to recover damages for the use of its streets and alleys, and that that was a separate question from the question of plaintiff's right to recovery under the common informer statutes. The city of Tulsa has not appealed from the judgment, and it is therefore unnecessary to this opinion to decide the rights, if any, of the city of Tulsa to recover damages.

In substance, sections 5964 and 5965, O. S. 1931, provide that where money has been paid out or property transferred by any officer of a municipal corporation, in settlement of a claim known to such officer to be fraudulent, or in pursuance of any unlawful contract, and a written demand has been

made by ten resident taxpayers to prosecute an action for the recovery of said money, and the proper officers thereafter fail to comply with that demand, then any resident taxpayer may bring an action to recover as a penalty double the amount of the money thus paid out or property thus transferred.

Those sections have always been strictly construed and applied by this court under the rule of strict construction usually given penal statutes. Statutes authorizing recovery of penalties based on unlawful or fraudulent contracts or transactions by officers of governmental subdivisions are penal, and must be strictly construed from the viewpoint of the wrongdoer. State ex rel. Mitchell v. City of Shawnee, 167 Okla. 582, 31 P. (2d) 552; State ex rel. Baldwin v. City of Shawnee, 158 Okla. 173, 13 P. (2d) 89; Buckeye Engine Co. v. City of Cherokee, 54 Okla. 509, 153 P. 1166; Territory ex rel. v. Woolsey, 35 Okla. 545, 130 P. 934; Randolph v. State ex rel. Awtry, 169 Okla. 440, 37 P. (2d) 648.

It therefore follows that the application of the statutes must be restricted to the identical transactions which are forbidden therein. The sections relate only to transfers of property or paying out of money. In the light of the obvious and ordinary meaning of these terms, it is apparent that there was no paying out of money here, nor any transfer of property. At the most, it was an unauthorized and probably illegal permissive use of the streets and alleys, after the expiration of the franchise. It may be conceded that the failure to collect that which is collectible may have the same effect as the paying out of that which should not be paid out. The effect may be just as vicious in the one case as the other. The truth of that fact, however, does not authorize us to read into the penal statute that which is not there.

It is clear that the gas company was not operating under a franchise subsequent to July 31, 1931, for its franchise had expired. It cannot be said that the franchise was extended by implication, for such is forbidden by paragraphs 1, 3, and 4 of section 7, of the charter of the city of Tulsa, if not by section 5a of article 18 of the Constitution, which is the same as section 13702, O. S. 1931.

It being apparent that the failure of the city authorities to restrain or enjoin the gas company from the use of the streets was not "payment of any money or transfer of any property," because such failure did not operate to renew or extend the franchise, a recovery by plaintiff would necessarily rest upon an extremely liberal construction of the statute, rather than a strict construction. But the general rule is that a penal statute may not be extended by construction to acts which are not by the express will of the Legislature made offenses, though such acts may be as vicious as those within the terms of the statute. St. Louis Merchants Bridge Terminal Ry. Co. v. U. S., 110 C. C. A. 63, 118 Fed. 191; City of Rochester v. Rochester Gas & Electric Corp., 233 N. Y. 39, 134 N. E. 828; Shawnee Nat. Bank v. U. S., 249 Fed. 583. In line with this general rule, it was pointed out in Vander Sluys v. Finfrock, 158 La. 175, 103 So. 730, that courts will not apply a penalty to a case which is not within the obvious meaning of the language of a penal statute, even though the facts of the case bring it within the mischief to be remedied, it being the duty of courts to interpret, not to amend, a statute from which something may have been omitted through inadvertence or otherwise.

As stated above, the right of the city of Tulsa to recover damages for the unauthorized use of its streets and alleys was not determined by the trial court and is not decided in this opinion. The right of the plaintiff, however, to enforce in his favor the penalty prescribed by the statute is an entirely different question. The latter is penal in nature, the former is not. See discussion of this distinction in State ex rel. Sheel v. Ingram, 164 Okla. 244, 23 P. (2d) 648. While the former is akin to the ordinary action to recover for use and occupancy, the latter is predicated upon malfeasance and is governed wholly by statute. However much we might desire to discourage such practices as are alleged herein, we are without power to inflict a penalty on defendant and award it to plaintiff, by adding to the statute or exceeding its plain and obvious limitations.

The judgment is affirmed.

OSBORN, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur.