## STATE ex rel. SWEENEY v. PUBLIC SERVICE CO. et al.

No. 24895. Feb. 9, 1937.

Rehearing Denied. March 9, 1937.

Norman Barker and Charles Swindall, for plaintiff in error.

V. E. McInnis and Hunter L. Johnson, for defendant in error Public Service Company of Oklahoma.

Allen, Underwood & Canterbury, for defendant in error J. C. Whiteside.

Fred D. Oiler, for defendant in error Harry Kiskaddon.

H. O. Bland and Bert E. Johnson, for defendants in error H. F. Newblock and J. M. Crutchfield.

PHELPS, J. This action was brought under our common informer statutes (sections 5964, 5965, O. S. 1931) to recover the penalty therein provided. The trial court sustained demurrers to the petition and the plaintiff appeals.

Reduced to its simplest statement, the payment of money or transfer of property which was alleged, consisted of the passage of an ordinance which had the effect of reducing the amount of compensation payable by a public utility company to the city, during the remainder of its franchise, below the amount prescribed in the city charter for franchises of that kind. There was no payment of money alleged, nor a transfer of property within any of the many definitions of that term. It amounted, simply, to a reduction in amount which the company would henceforth pay for the exercise of franchise right already granted and in use. Essentially, the thing sought to be accomplished by the petition was the doubled collection of money owing the city, being the difference between the compensation named in the charter and the compensation payable after the passage of the ordinance. As stated in the various causes of action:

"That said individual defendants, as officers of said city, did knowingly and unlawfully permit the said moneys, as part of the lawful revenue and income belonging to said city of Tulsa, to be **retained** and **kept** by said Public Service Company, without authority of law and in violation of the obligations of said franchise and of the provisions of said city charter, to which said franchise is subject."

This ordinance may be invalid—we do not pass on that point—and the effect thereof may be just as vicious as if the city authorities had fraudulently paid out money or transferred property in pursuance of a fraudulent or void contract. Nevertheless, the fact remains that it was not the paying out of money or the transferring of property or any property right. It is also true that sections 5964 and 5965 do not empower private citizens in the name of the state to collect indebtedness due municipalities, except such indebtedness as arises from the specific classes of malfeasance described therein.

These sections have so often been construed by this court that further discussion in a case of this kind is unnecessary. There is not a sufficient difference in facts and legal significance thereof between this case and State ex rel. Sweeney v. Oklahoma Natural Gas Corporation, 177 Okla. 62, 57 P. (2d) 626, to distinguish the cases in their results. On the authority of that decision, the judgment is affirmed.

OSBORN, C. J., and BUSBY, CORN, and GIBSON, JJ., concur.