STATE ex rel. FOSTER v. OKLAHOMA CITY et al.

No. 30706. Oct. 12, 1943.

*141 P. 2d 994.*

Jean P. Day, of Oklahoma City, for plaintiff in error.

J. Berry King, Geo. J. Fagin, A. L. Jeffrey, Municipal Counselor, and 'Leon Shipp, Asst. Municipal Counselor, all of Oklahoma City, for defendants in error.

DAVISON, J. This case is presented on appeal from the district court of Oklahoma county. It was instituted in that court on April 24, 1941, in the name of the State of Oklahoma by T. F. Foster as relator against the City of Oklahoma City, a municipal corporation; Robert Hefner, mayor; A. P. Van Meter, L. I. Baker, Percy Jones, Salty Fullerton, Joe Campbell, Leonard Dickerson, Harlow Gers, all councilmen of Oklahoma City; Halsey-Stuart & Company, Inc., and C. Edgar Honnold.

The relator as a resident taxpayer is seeking to recover a money judgment for double the amount of damages alleged to have been sustained by Oklahoma City in connection with a municipal bond issue for $6,911,000 par value for the improvement of the water works system of that municipality. The right of the city to issue the bonds in question has previously been considered and approved by this court. Cunningham v. Oklahoma City; 188 Okla. 466, 110 P. 2d 1102; Henry v. Oklahoma City et al., 188 Okla. 308, 108 P. 2d 148.

In this action it was alleged in substance that the sale of the bonds was inopportune in that it was conducted and consummated while litigation was pending which discouraged bidding. That as a result thereof the purchasers. of the bonds, Halsey-Stuart & Company and C. Edgar Honnold, were the successful bidders at a rate of interest in excess of the amount which would have been offered had the market not been affected by the pending litigation. That an agreement was made for delay in delivery of the bonds (same being in the form of an option) and that the sale was not consummated within the agreed period of delay but was illegally consummated thereafter.

It was asserted that during this delay there was procured a dismissal of a pending action in the district court of Oklahoma county, wherein an injunction against the sale of the bonds was sought.

The above-mentioned acts and other acts mentioned in the petition were asserted to have been fraudulently accomplished and accompanied by collusion between the bond purchasers and the city officials. The petition is quite lengthy, but under our view of the law the various allegations therein contained need not be carefully or critically analyzed other than to observe with care the purpose sought to be accomplished by the litigation.

It is alleged that the difference in the rate of interest fixed in the bonds and the interest which the bonds would have sold for under proper marketing conditions was such as to require the city in the course of future years to pay out money to its damage in the sum of $484,671.41.

The relator further alleged that a notice as required by 62 O. S. 1941 § 373, signed by the required number of taxpayers, had been served on the city officials demanding that an action be instituted to recover the sum above mentioned in behalf of the city.

The plaintiff sought damages for the sum of $969,342.82, representing double the sum of alleged actual damages as above stated, relying for such double recovery on the provisions of 62 O. S. 1941 §§ 372 and 373.

The several defendants demurred to the petition, incorporating in their demurrers various grounds in addition to general demurrers on the theory that the petition did not state facts sufficient to constitute a cause of action.

On June 5, 1941, the demurrers were presented to the trial court and sustained on the theory that the petition did not state facts sufficient to constitute a cause of action. The relator elected

to stand upon his petition, whereupon the court entered its order dismissing the action, from which order the relator has appealed.

Upon consideration of the provisions of 62 O. S. 1941 §§ 372 and 373, and the decisions of this court in State ex rel. Sweeney v. Public Service Co. of Oklahoma, 179 Okla. 329, 66 P. 2d 926; State ex rel. Sweeney v. Oklahoma Natural Gas Corp., 177 Okla. 62, 57 P. 2d 626; and McGuire v. Skelton, 36 Okla. 500, 129 P. 739, we have concluded that the ruling of the trial court was correct.

It should be noted at this point that this is an action commenced and maintained by an informer as distinguished from an innocent person injured by the act complained of. Thus that portion of section 372, supra, providing for joint and several liability in damages to all injured persons injured by the acts covered with this statute has no application.

The provision of the statute for the recovery of damages is available to an injured innocent person or persons, but it is not available to an informer. McGuire v. Skelton, supra. Under the terms of the statute a taxpayer can only maintain an action for the recovery of double the value of the property wrongfully and fraudulently disposed of or money wrongfully and fraudulently paid out. State ex rel. Sweeney v. Public Service Co. of Oklahoma, supra; and State ex rel. Sweeney v. Oklahoma Natural Gas Corp., supra. In the last-mentioned case we said in paragraphs 2 and 3 of the syllabus:

"2. Failure of city authorities to enjoin use of streets by a gas company whose franchise had expired, or failure to institute action for recovery of damages therefor is not 'payment of money or transfer of property' within the meaning of sections 5964 and 5965, O. S. 1931, and an action may not be maintained under those sections by a taxpayer for double the compensation prescribed by the city charter to be paid by a gas company having franchise.

"3. A penal statute may not be extended by construction to cover acts or omissions which are not by the express will of the Legislature made offenses, though such acts or omissions may be as vicious as those within the terms of the statute."

The property involved in this action was the bonds. They have been disposed of. The relator and his associate taxpayers did not in their notice request an action to recover the property nor to recover the value thereof. The relator does not in this action seek to recover the bonds or double the value thereof. He is seeking damages for a sale at an alleged excessive rate of interest. No money was paid out by the municipality in connection with the transaction or transactions upon which this action is based. The action is therefore not for the recovery of property wrongfully disposed of or money paid out.

As pointed out in the cases last above cited, the statutes are, generally speaking, penal in nature and subject to a strict construction in their penal aspects. They do not comprehend the maintenance of an action for damages where the recovery sought is not double the amount of property wrongfully disposed of or money wrongfully paid out.

The ruling of the trial court on the demurrers was correct. Its decision is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, and ARNOLD, JJ., concur. OSBORN and HURST, JJ., absent.