STATE of Oklahoma ex rel. Glenn TWIST,
a taxpayer of Tulsa County, Oklahoma,
Plaintiff in Error,

v.

Claude BAILEY et al., Defendants in Error.

No. 36762.

Supreme Court of Oklahoma.

March 27, 1956.

Joe Francis and Philip Blough, Tulsa, for plaintiff in error.

Holly L. Anderson, Tulsa, for Claude Bailey, J. W. Hardesty, Ben Crowley and Veteran's Const. Co., a corporation.

Harry L. Dyer and William K. Powers, Tulsa, for W. V. Caffey.

Bradford J. Williams, Fenelon Boesche, R. B. McDermott, T. H. Eskridge and Franklin D. Hettinger, Tulsa, for Western Surety Co.

Truman B. Rucker, Bryan W. Tabor, Gurney G. Cox and Ralph C. Thomas, Tulsa, for Lumbermen's Mut. Cas. Co.

WILLIAMS, Vice Chief Justice.

This action was brought as a taxpayer's suit under the provisions of 62 O.S.1951 § 372, by Glenn Twist, hereinafter referred to as plaintiff, against Claude Bailey, W. V. Caffey, J. W. Hardesty, Ben Crowley, Veteran's Construction Company, Lumber-

men's Mutual Casualty Company, Western Surety Company, and Board of County Commissioners of Tulsa County, hereinafter referred to as defendants. Plaintiff's petition alleges that defendants Bailey, Caffey, and Hardesty are members of the Board of County Commissioners of Tulsa County, that defendants Lumbermen's Mutual Casualty Company and Western Surety Company are sureties on the official bonds of such commissioners, and that defendant Veteran's Construction Company is a corporation engaged in developing land, platting it into subdivisions and constructing homes. Defendant Crowley is not identified in such petition, except that there is an allegation that he was an officer of the county, appointed by the Board of County Commissioners and acting under them. Plaintiff's petition deals with the construction of certain roads in Tulsa County, and alleges that such roads were constructed under an agreement which was illegal for various and sundry reasons and seeks the recovery of twice the value of the materials used in the road construction in question, which is alleged to be the sum of $29,150.-86. The trial court sustained a demurrer to plaintiff's petition, and plaintiff appeals.

Plaintiff asserts in his brief four propositions of error, all of which deal with various alleged grounds of illegality of an alleged contract. In our view of the case, however, these propositions of error are immaterial because plaintiff's petition is fatally defective without regard to the correctness of the four propositions asserted in his brief, in that no county money was allegedly paid out and no county property allegedly transferred in the transaction upon which the action is based.

The statutes under which plaintiff asserts his alleged cause of action, 62 O.S.1951 §§ 372 and 373, provide in substance that where money has been paid out or property transferred by any officer of a county or municipality in settlement of a claim known to such officer to be fraudulent, or in pursuance of any unlawful contract, and a written demand has been made by ten resident taxpayers to prosecute an action for the recovery of said money or property, and the proper officers thereafter fail to comply with that demand, then any resident taxpayer may bring an action to recover as a penalty double the amount of the money paid out or property thus transferred.

These sections have always been strictly construed and applied by this court under the rule of strict construction usually given penal statutes, and the application thereof must be restricted to the identical transactions which are forbidden therein. State ex rel. Sweeney v. Oklahoma Natural Gas Corp., 177 Okl. 62, 57 P.2d 626. As already mentioned, these sections relate only to transfers of property or paying out of money. Unless plaintiff's petition alleges a transfer of county property or a paying out of county funds, it does not state a cause of action under such statute, regardless of the validity or lack of validity of the acts alleged. State ex rel. Sweeney v. Oklahoma Natural Gas Corp., supra; State ex rel. Sweeney v. Public Service Co. of Oklahoma, 179 Okl. 329, 66 P.2d 926; State ex rel. Foster v. Oklahoma City, 193 Okl. 177, 141 P.2d 994. Plaintiff's petition does not allege any paying out of any money whatsoever. The allegations of fact in said petition are somewhat vague and indefinite but the gist of the complaint seems to be that the county furnished or built 17,995 square yards of roads or streets and used certain county owned road building materials of an alleged value of $14,-575.43 in connection with such construction. It is apparently plaintiff's theory that the use of such county owned materials in constructing the roads in question constituted a transfer of such materials. We do not agree. While such materials may have been transferred in the sense that they were transported from their place of storage to the place where they were incorporated into the road being constructed, such is not the kind of transfer contemplated by the statute. The transfer contemplated by the statute involves a change of ownership and possession. There is no contention made that the road constructed did not belong to the county. Obviously, the incorporation of county owned materials into a county road does not constitute a transfer of ownership or

possession of such materials. Since there was no money paid out and no property transferred in connection with the transaction complained of, it follows that no cause of action was stated under the statute cited and the trial court, therefore, properly sustained the demurrer to plaintiff's petition.

Judgment affirmed.

JOHNSON, C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

CORN, J., dissents.