Joe **CHITWOOD**, Plaintiff in Error,

v.

**SKILES OIL CORPORATION,**
Defendant in Error.

No. 37493.

Supreme Court of Oklahoma.
April 9, 1957.

D. N. Tillotson, Nowata, for plaintiff in error.

John F. Pendleton, Nowata, for defendant in error.

### PER CURIAM.

Plaintiff in error, Joe Chitwood, as plaintiff in the District Court of Nowata County sought recovery in the sum of $5,000 against the Skiles Oil Corporation, here defendant in error. For convenience we shall refer to the parties on appeal as they appeared in the trial court.

Plaintiff's claim is based upon his right to recover damages for the alleged breach of an "option agreement" entered into by plaintiff and defendant. The instrument was attached to and made a part of plaintiff's petition and plaintiff relies upon an asserted "failure and refusal of defendant to carry out the terms of said agreement" as the basis of his claim.

The trial court sustained defendant's demurrer to the petition and plaintiff appeals.

Plaintiff states in his brief that the sole question to be determined by this court is whether, under the terms of the option agreement, the defendant was obligated to drill two core test wells. The test, then, of plaintiff's petition, is whether or not the instrument relied upon provides an obligation on defendant's part. If it did not, which was the conclusion reached by the trial court in sustaining the demurrer, there was no error.

In substance the instrument denominated "Option Agreement", dated April 16, 1955, upon which plaintiff relies, is as follows: The parties thereto, Joe Chitwood, joined by his wife, are to be referred to as "Chitwood", and the Skiles Oil Corporation, a corporation, to be identified as "Skiles"; under this designation it is stated that whereas Chitwood is the owner of two described oil and gas leases and leasehold estates, and whereas Skiles desires to make certain core tests thereon for the purpose of determining the feasibility of a secondary recovery program, and if the tests show such programs economically feasible, to purchase the Chitwood interest, and whereas Chitwood desires to grant to Skiles the right to conduct the core tests and to give an exclusive option to purchase the leases, the parties enter mutual covenants and agreements as follows (stated in substance according to numbered paragraphs of the instrument):

(1) Chitwood gives and grants to Skiles the exclusive right and option to purchase Chitwood's interest. The option to be exercisable exclusively by Skiles on or before five months from the date of the agreement.

(2) Skiles is given the right of ingress and egress upon each of the two leasehold premises for the purpose of drilling two core test wells and to conduct any other test determined necessary to ascertain the feasibility of the secondary recovery program.

(3) Skiles to have any core taken analyzed and to furnish Chitwood with information obtained.

(4) Skiles to conduct all core tests, analysis and other exploratory operations at its own expense.

(5) Until Skiles exercised its election to purchase Chitwood should retain all right, title and interest in the oil and gas leases and Skiles should not during the five months' period interfere with Chitwood's possession or operation of the leases until Skiles exercised its election to purchase.

(6) In event of Skiles' election to purchase, certain personal property was to be conveyed with the oil and gas leases.

(7) Upon execution of the option agreement Chitwood was to furnish abstracts of title for examination with provisions for curing any defects in title.

(8) In event Skiles does not exercise its option after drilling two test wells it should not plug them, but leave them for Chitwood's use and Skiles would be relieved of any responsibility to plug.

(9) Parties acknowledge that no representations were made not incorporated in the instrument.

(10) Waiver of homestead exemption rights.

(11) Terms and provisions of agreement termed covenants running with the land.

(12) Instrument to be executed in duplicate originals. The instrument was duly executed by both the Chitwoods and the Skiles Corporation.

■ We find nothing in the agreement to support plaintiff's claim stated in his petition that by the terms thereof defendant agreed to drill the two test wells. While the instrument grants right of ingress and egress to drill the test wells, and states other agreements in the event the wells are drilled, including reversion of the wells to Chitwood if drilled, and the option to purchase not exercised, nowhere is there any requirement that Skiles drill or any penalty stated in case it should not, nor is such requirement stated as a contingency to granting of the option to purchase, which is clearly the basic purpose of the instrument. In fact, we can find nothing in the agreement relating to the drilling of the test wells that might be interpreted as anything other than an incidental privilege to be accorded the corporation, to be resorted to if it should be determined to proceed with the experiments toward accepting the option given.

Plaintiff's claim, as stated in his petition, is based on an alleged promise to drill, the failure to do so, and his right to the use of the test wells. Since the alleged promise to support the claim stated in the petition must be found in the "Option Agreement" plaintiff failed to state a cause of action.

■ Where plaintiff's petition and the exhibits attached thereto, when considered together, do not state a cause of action, a demurrer to the petition should be sustained. State ex rel. Baldwin v. City of Shawnee, 158 Okl. 173, 13 P.2d 89; Three-in-One Oil & Gas Co. v. Bradshaw, 192 Okl. 309, 135 P.2d 997

Affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by Commissioners James H. Nease and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.