STATE of Oklahoma, ex rel. TULSA CLASSROOM TEACHER'S ASSOCIATION, INC., a nonprofit corporation, Appellee,

v.

BOARD OF EQUALIZATION, TULSA COUNTY, Oklahoma, Appellant.

No. 50636.

Supreme Court of Oklahoma.

Sept. 18, 1979.

S. M. Fallis, Jr., Dist. Atty., Andrew B. Allen, John F. Reif, Asst. Dist. Attys., Tulsa, for appellant.

Fagin, Hewett, Mathews & Fagin, Ronald E. Stakem, Oklahoma City, for appellee.

DOOLIN, Justice:

The statutes of the State of Oklahoma provide that after January 1, 1972, the assessor of each county must continuously revalue all taxable property in that county in such a manner that all property will be revalued at least once every five years.[1] The assessed value must not exceed 35% of the fair cash value of the property.[2] Each year the assessment roll should reflect current cash value information, it not being necessary to complete the five year revaluation before adjusting the roll. The assessor should not wait until revaluation of all property is completed before placing any revalued property on the tax roll at its new value.[3]

After the assessor completes the roll he submits it to the County Board of Equalization. That Board, pursuant to 68 O.S.1971 § 2459 must equalize, correct and adjust the valuation of the property to conform to the fair cash value thereof.

Under 68 O.S.1971 § 2435(b) (as amended 1978 Supp.) the assessor places a separate value on the land and the improvements. By 1975, Tulsa County Assessor, Wilson Glass, had not completed his revaluation of all taxable property in Tulsa County as required by 68 O.S.1971 § 2481.1 and 68 O.S.1974 Supp. § 2427. He had separately revalued certain improvements on 7800 urban parcels of land by October 1974, although he had not revalued the land on which they were situated. He did not include the new value of these improvements on the 1973–1976 assessment rolls. Thus the rolls remained unchanged because they did not reflect revaluation of the improvements.

In September of 1976, the State of Oklahoma ex rel. Tulsa Classroom Teachers, Inc. (Teachers)[4] filed the present action seeking mandamus alleging the assessor failed to use his most recent information in preparing the assessment roll for Tulsa County.

It further alleged Board of Equalization of Tulsa County (Board) had failed to equalize, correct and adjust the assessed valuation of real property in Tulsa County to reflect the most current valuation as required by 68 O.S.1971, § 2459. The district court issued a peremptory writ of mandamus ordering the following:

"1. That Wilson V. Glass, County Assessor of Tulsa County, Oklahoma, forthwith, and without delay, actively strive to complete, and complete, as soon as practicable, the revaluation of all real property and the improvements thereon in Tulsa County, Oklahoma, which said valuation was due to be completed on January 1, 1972, under the provisions of Title 68, O.S., Sec. 2481.1, and that the Tulsa County Board of Equalization and its individual members comply with their duties and obligations enumerated in Title 68, O.S., Sec. 2459, subsection (a) and the last paragraph thereof, and more particularly by cooperating with and assisting the County Assessor in performing the duties imposed upon such Assessor by Title 68, O.S., Sec. 2436, to the end that the records required by the last-named statutory provision be fully and accurately prepared and maintained and harmonize with the assessed valuations of the real property of the County.

2. That Wilson V. Glass, County Assessor of Tulsa County, Oklahoma, forthwith, and without delay, acknowledge and accept for valuation purposes, the most current valuation placed on some 7,800 urban improvements which were revalued on or about October 15, 1974, as reflected in plaintiff's Exhibit 3, coupled with the most recent valuation placed on the land on which the same are situated, and use the same on future tax assessment rolls until such time as the same are revalued, and that the Tulsa County Board of Equalization and its individual

1. 68 O.S.1971 § 2481.1; also see 68 O.S.1971 §§ 2431, 2471.

2. Constitution of State of Oklahoma, Art. 10 § 8; 68 O.S.1978 Supp. § 2427(b).

3. 2 Op. Attorney General 187 (1969).

4. Tulsa Classroom Teacher's Association is a non-profit corporation owning property in Tulsa County on which it pays ad valorem taxes.

members comply with their duties and obligations enumerated in Title 68, O.S., Sec. 2459, subsection (a) and the last paragraph thereof, and more particularly by cooperating with and assisting the County Assessor in performing the duties imposed upon such Assessor by Title 68, O.S., Sec. 2436, to the end that the records required by the last-named statutory provision be fully and accurately prepared and maintained and harmonize with the assessed valuations of the real property (and its improvements) of the County through correction and revision therewith."

Assessor and individual members of Board were defendants at trial. Only Board appeals issuance of the writ, not the assessor.

Teachers agree directive number one, quoted above, to the extent it is directed to Board should be vacated with respect to Board only. Teachers admit Board has complied with its statutory duty except as to the 7800 urban improvements covered by the second directive. Because Glass, Assessor, does not appeal, both directives are in force as to him. The narrow issue presented to us is whether the second directive's mandamus as directed to Board is invalid with regard to the 7800 urban valuations.

■ Board first attempts to convince us Teachers did not follow administrative remedies provided for in 68 O.S.1971 §§ 2460, 2468. These statutes contemplate a taxpayer's route of appeal from an adverse ruling as to the valuation or assessment of a particular piece of property. Our case is not a complaint by an aggrieved taxpayer who has had the value of his property increased. Teachers are not challenging the valuation placed on any specific piece of property. Rather they allege Board is not complying with its duties, made mandatory by statute. The administrative remedy provided for in these statutes is not a method of attacking Board's failure to follow mandatory statutory duties.

In this situation remedy of mandamus in district court was proper.

■ Directive two concerns the 7800 urban improvements revalued by the assessor under 68 O.S.1971 § 2481.1 but not added to the roll by the assessor. The basis of the writ is the legal duty of assessor to add the new value to the roll [5] and the legal duty of Board to consider the new value and adjust the valuation of the property accordingly, even though the land on which improvements are situated has not been revalued.

Board contends under *Leyh v. Glass, 508 P.2d 259 (Okl.1973)* land and improvements are to be *taxed* as a single unit and therefore must be *assessed* as a single unit. It argues assessment roll may not be changed until land itself is revalued. We do not believe this necessarily follows.

Though land and improvements are *taxed* as a single unit, they are *assessed* separately.[6] Assessor's duty to update roll is a yearly duty. There is no legitimate reason for his revaluation of improvements not to be reflected in property's value each year and placed on assessment roll in this manner. Property will still be *taxed* as a single unit.

Assessor has been ordered by this writ (directive two) to correct the roll to reflect the revaluation of the improvements. We emphasize he has not appealed. We must then assume he will comply with directive two. When he has done so Board will have the correct valuations before it. The duty imposed on Board in §§ 2459, 2471 to correct, adjust and equalize the taxable value of the property does not arise until the assessor has issued the current assessment roll. Clearly the assessor must act before Board can perform its duty. If the roll reflects the 7800 newly valued improvements, Board must utilize this when equalizing. All that will be left for Board to do is to comply with the statutory duty reiterated by the writ, accept the assessment roll as revalued and proceed with its statutory duty to equalize.

---

5. 68 O.S.1971 § 2471.

6. 68 O.S.1978 Supp. § 2435(b).

864

Directive two uses statutory language ordering Board to comply with its duties imposed by 68 O.S.1971 § 2459 to cooperate and assist assessor "in performing the duties imposed upon such assessors by Title 68 O.S. Sec. 2436 . . ." Board does not challenge the statute. We find no error in directive two.

Directive one is hereby vacated as all parties agree it has no application to the Board of Equalization.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, SIMMS, HARGRAVE and OPALA, JJ., concur.

BARNES, J., dissents.