**Clay MELVIN, Joe Evans and Joe Parks and all others similarly situated, Appellants,**

v.

**Virgil DUNN, County Assessor, and the Washita County Board of Equalization, Appellees.**

No. 51713.

Supreme Court of Oklahoma.

Feb. 26, 1980.

---

Charles L. Goodwin, Goodwin & Cornell, Clinton, for appellants.

Paul C. Braun, Dist. Atty., Ralph W. Emerson, Asst. Dist. Atty., Cordell, for appellees.

HARGRAVE, Justice.

The Supreme Court of the State of Oklahoma issued a writ of mandamus in *Poulos v. State Board of Equalization*, 552 P.2d 1138 (Okl.1976), requiring that State Board to comply with its constitutional and statutory duties to adjust and equalize valuations of real and personal property of the several counties within three years. In accord with that directive, the State Board of Equalization issued criteria to be followed by County Assessors and Boards designed to accomplish those ends. Virgil Dunn, County Assessor of Washita County, and that county's Board of Equalization revalued certain real property situated within the county in accord with those directives, and on May 20, 1977, issued and mailed written notices of increase in assessed valuation. Thereafter, appellants filed suit in the District Court of Washita County challenging those increases.

Plaintiffs' petition alleges the increase of valuation is unreasonable in amount and limited to agricultural property. An additional allegation contained in the petition proposes the Board of Equalization of that county was improperly and illegally constituted, depriving the plaintiff appellants a fair and impartial hearing before that body. The plaintiffs then allege: that the Board had set hearings on their complaints for July 5, 1977; the absence of an adequate remedy at law, and pray the Court enjoin temporarily and permanently the Washita County Assessor from enforcing his reassessment so made, as well as the proposed Equalization Board's hearing until said

board is properly constituted and until all property in the county is revalued. In the trial court all relief requested by plaintiffs was denied. This appeal follows.

The petition in error saves an appeal on the following points: 1. The County Assessor filed no written plan in the office of the Oklahoma Tax Commission. 2. That the increase in assessment is limited solely to agricultural land and is therefore selective, being a violation of the equal protection clause of the 14th Amendment to the Federal Constitution. 3. The Board was improperly constituted as plead, and such fact denied the parties a hearing before individuals properly qualifying as Board members.

■ The first addressed point of error is that the Board of Equalization was improperly constituted. Title 68 O.S. 1971 § 2457[1] required that each County Board of Equalization be composed of three members, one appointed by the Oklahoma Tax Commission, one appointed by the district judges in the district, and the third appointed by the Board of County Commissioners. That statute specifies one member so appointed must live in the county seat of the county. It is this last mentioned residence requirement which is allegedly violated. The petition was filed with the appropriate court clerk on July 5, 1977. 68 O.S. 1976 Supp. § 2457 was again amended in 1977 by 1977 Sess. Law, Ch. 102 § 1, enacted as an emergency effective May 30, 1977. Thus, when the petition was filed on July 5, 1977, the operative section was 68 O.S. 1977 Supp. § 2457. That section as amended removed the mandatory requirement that at least one member *shall* reside in the county seat by removing the mandatory word shall, and

adding the permissive but not binding term *"may."* Thus, the day the County Board of Equalization was to start meeting (the same day the petition was filed), there was no mandatory requirement and the allegation that the board was illegally constituted fails, for no mandatory residence requirement then existed.

The appellee contends this appeal is moot, inasmuch as the meeting of the board has taken place. The issue has not become moot inasmuch as there exists over $43,000 of tax funds held in suspense pending the outcome of this action.

■ Petitioners also contend that the revaluation of agricultural land only is violative of the tenants of the equal protection clause of the 14th Amendment to the U.S. Constitution. In *State ex rel. Tulsa Classroom Teachers Assn., Inc. v. Board of Equalization of Tulsa County,* 600 P.2d 861, Vol. 50 OBAJ p. 1858 (1979), this Court directed that pursuant to 68 O.S. 1971 § 2481.1 and 68 O.S. 1971 § 2431, and the mandate of 68 O.S. 1971 § 2471, the assessor is required to add the latest valuation of property to the tax rolls without delaying until all property has been revalued. We refuse the equal protection argument offered as proof of the invalidity of such procedure. The current statute, 68 O.S. 1971 § 2481.1 provides for and requires valuation at regular intervals. All property must be valued every five years under the last cited section. If such revaluation proceeds through the several classes of property in the same order as the last, all property will be valued every five years and it does not matter where that process begins, but § 2481.1 clearly provides that the process

1. As amended, 68 O.S. 1976 Supp. § 2457:

A county board of equalization is hereby created for each county in the state, composed of three (3) members. One (1) member shall be appointed by the Oklahoma Tax Commission, one (1) member shall be appointed by the district judge or a majority of the district judges in all judicial districts where more than one (1) district judge is elected, and one (1) member shall be appointed by the board of county commissioners, and their tenure of office shall be coterminous with that of the county commissioners. The county clerk shall serve as secretary and clerk of said board without additional compensation. Provided, however, that no person shall be appointed to membership on said county board of equalization who is not a freeholder of the county where he is to serve and who is or has been at any time during the two (2) years preceding his appointment an elected officer of the state, county, school district or municipal subdivision. Provided that one (1) member of the said equalization board shall live in the county seat of the county.

must be begun again every five years. All property is revalued regularly and that process must have a starting point. If, as appellants urge, all revaluations are ineffective until the completion of the five year revaluation, the same result obtains from the taxpayer's standpoint, and that result is revaluation every five years. Only the State's position would be changed by such a procedure and the change would be tax valuations that were perpetually five years behind the times. All taxpayers' holdings are revalued every five years; there is no unequal treatment, and thus no violation of equal protection. Every journey must have a starting point.

Lastly, appellants argue that under the provisions of 68 O.S. 1971 § 2481.1, a copy of the assessor's valuation plan shall be filed with the Oklahoma Tax Commission, and that was not done. From that premise, appellants conclude any plan in existence was "void" because of the want of a writing filed with the Commission. The transcript discloses the Washita County Assessor had a schedule and further discloses that the Oklahoma Tax Commission did not require a written schedule to be filed with it from Washita County. Direct testimony establishes the existence of a schedule here, and such a conclusion, although controverted, is not clearly against the weight of the evidence.

In the previous discussion of appellants' equal protection argument, it was pointed out that equal treatment is established by regular, cyclical revaluation. The equality of such a system as it operates on the taxpayer is afforded by revaluation every five years, for if one class of property is revalued first in this five year valuation, and revalued last in the next cycle, unequal treatment would be inflicted on the citizenry, as one class would be valued only after ten years had passed.

The record does disclose that generally no schedules have been required. It is the ruling of this Court that a writing disclosing Washita County's periodic revaluation schedule be filed with the Oklahoma Tax Commission as specified in 68 O.S. 1971

§ 2481.1. This ruling is made prospective and is to apply from and after the filing of this opinion with the Clerk of this Court.

The judgment of the District Court refusing injunctive relief is AFFIRMED.

All Justices concur.