Dear Auditor and Inspector Scott,
¶ 0 This office has received your letter requesting an Opinion addressing the following questions:
1. Is farm equipment and machinery owned by an Oklahomaresident and used in Oklahoma and in other states subject to advalorem taxation by the county of the owner's residence?
 2. What action, if any, may be taken by a citizen to compel acounty assessor to discover and assess property which should betaxed?
 3. May a citizen of Oklahoma file qui tam action or asimilar type of action to compel the county assessor to discoverand assess omitted property after the demand to do so has beenrefused, and, if so, is the citizen entitled to a portion of thetaxes collected as a result of the action?
¶ 1 Any analysis of ad valorem taxation begins with the basic proposition that all property in this state, except that which is specifically exempt by law, is subject to ad valorem tax. See68 O.S. 1991, 2804. Title 68 O.S. 2817 (1998) provides all property, both real and personal, shall be listed and assessed each year. This statute is mandatory, and allows no exceptions. Section 2817 makes clear that the county assessor has the authority and the mandatory duty to list and assess all personal property, including property that has not been listed by the taxpayer. Section 68 O.S. 2817 provides in pertinent part:
 A. All taxable personal property, except intangible personal property, personal property exempt from ad valorem taxation, or household personal property, shall be listed and assessed each year at its fair cash value, estimated at the price it would bring at a fair voluntary sale, as of January 1. (emphasis added).
¶ 2 Further, the Ad Valorem Tax Code (68 O.S. 2801-68 O.S.2899 (1991)) specifically provides that a taxpayer's return is not conclusive as to the value of his taxable property. Subsection A of Section 68 O.S. 2818 of Title 68 provides:
 A. The return of the taxpayer shall not be conclusive as to the value or amount of any property. The county assessor shall have the authority and it shall be his duty to raise or lower the returned value:
 1. Of any personal property, to conform to the fair cash value thereof, estimated at the price it would bring at a fair voluntary sale[.]
¶ 3 It is the theory of this state that tangible personal property is taxable to the owner in the county of his domicile if it has not acquired a taxable situs elsewhere. Section 2831 of Title 68 provides for the listing and assessment of real and personal property and provides in pertinent part:
 A. All property, both real and personal, having an actual, constructive or taxable situs in this state, shall, except as hereinafter provided, be listed and assessed and taxable in the county, school districts, and municipal subdivision thereof, where actually located on the first day of January of each year. (emphasis added).
. . . .
 D. In any case where other personal property, by reason of its nature or use, does not stay in one place long enough to acquire a definite taxable situs, such property shall be listed and assessed at the domicile of the owner, if the owner is domiciled in this state, and otherwise in the county, school districts, and municipal subdivisions thereof, where the owner has his principal business in this state.
¶ 4 The fundamental principle of statutory construction is to ascertain the underlying legislative intent through an examination of the statute's language. Where the intent of the legislature is plainly expressed in the statute, it must be followed without further inquiry or statutory construction. SeeIn re Request of Hamm Production Co., 671 P.2d 50, 52 (Okla. 1983). The presumption is that the county of the owner's domicile is the proper entity to levy and collect property tax. If an Oklahoma resident uses farm machinery and equipment on his Oklahoma farm, the machinery and equipment, in the absence of proof that the property has a definite situs elsewhere, would be subject to Oklahoma ad valorem tax. The status of property for tax purposes, as to any particular property, involves an analysis of facts and is beyond the scope of an Attorney General's Opinion.
¶ 5 A county assessor has the constitutional duty to assess all the real and personal property found therein. See OKLA. CONST. Article X, Section 8. If the assessor is not certain that all of the taxpayer's property has been assessed he may, pursuant to 68O.S. 2839 (1991), make a written request for a list of property. The purpose of requiring the list is to aid the assessor in discovering all taxable property within the county. See In reRolater, 170 P. 507, 508 (Okla. 1918). If a taxpayer fails to provide the information once requested, the assessor has a duty to "ascertain, from the best information obtainable, the value ofthe property" and add a ten per cent (10%) penalty to the value. See 68 O.S. 2839(B)). The penalty is intended to cover the cost of securing the information. See Grubb v. Johnson OilRefining Co., 179 P.2d 688 (Okla. 1947).
¶ 6 Your second question asks what a citizen may do in the event that an assessor fails to fulfill his obligation ta assess all taxable property in the county.
¶ 7 A writ of mandamus may be used to compel an official to act.[1] Issuance of a writ of mandamus requires a clear legal right vested in the petitioner, refusal to perform a plain legal duty which does not involve the exercise of discretion, the adequacy of the remedy provided by the writ, and the inadequacy of other relief. See Maule v. Indep. Sch Dist. No. 9,714 P.2d 198, 200 (Okla. 1985). The Oklahoma Supreme Court has reviewed a situation wherein a non-profit corporation attempted to compel a county assessor and local Board of Equalization to adjust the valuation of real property upon which improvements were situated.See State ex rel. Tulsa Classroom Teacher's Ass'n. v. Bd. ofEqualization, Tulsa County, 600 P.2d 861 (Okla. 1979). The association filed the action seeking a writ alleging that the assessor had failed to use the most recent information in preparing the assessment role for Tulsa County. It also alleged that the Board of Equalization had failed to equalize, correct and adjust the assessed valuation of real property in Tulsa County to reflect the most current valuation. The District Court issued a writ ordering the county assessor to complete the revaluation of all real property and improvements. The Supreme Court affirmed the District Court's issuance of the writ ordering the assessor to comply "to the end that the records required by [statute] be fully and accurately prepared and maintained." Id.
at 862. In State ex rel. Yakubosky v. Wilson, 541 P.2d 843
(Okla. 1975), individual taxpayers were allowed to seek a writ of mandamus to compel a status change of a hospital from "exempt" to "taxable." It has been recognized, therefore, that mandamus is an appropriate remedy where a taxing official has failed to perform a legal duty.
¶ 8 Your third question asks whether a citizen may file a quitam action to compel the county assessor to discover and assess admitted property. A qui tam action is "one brought under a statute that establishes a penalty for the commission or omission of a certain act and provides that the penalty shall be recoverable in a civil action, with part of it going to the one bringing the action and the rest to the state or a public body."State ex rel. Trimble v. City of Moore, 818 P.2d 889, 894
(Okla. 1991). Qui tam statutes allow a taxpayer to sue on behalf of the state. The taxpayer must first demand in writing that the public official in question institute proceedings to recover the money. One such qui tam statute is 62 O.S. 373
(1991):
 Upon the refusal, failure, or neglect of the proper officers of the state or of any county, township, city, town, or school district, after written demand made upon them by ten resident taxpayers of the state or such county, township, city, town, or school district, to institute or diligently prosecute proper proceedings at law or in equity for the recovery of any money or property belonging to the state, or such county, township, city, town, or school district, paid out or transferred by any officer thereof in pursuance of any unauthorized, unlawful, fraudulent, or void contract made, or attempted to be made, by any of its officers for the state or any such county, township, city, town, or school district, or for the penalty provided in the preceding section, any resident taxpayer of the state or such county, township, city, town, or school district affected by such payment or transfer after serving the notice aforesaid and after giving security for cost, may in the name of the State of Oklahoma as plaintiff, institute and maintain any proper action which the proper officers of the state, county, township, city, town, or school district might institute and maintain for the recovery of such property, or for said penalty; and such municipality shall in such event be made defendant, and one-half (1/2) the amount of money and one-half (1/2) the value of the property recovered in any action maintained at the expense of a resident taxpayer under this section, shall be paid to such resident taxpayer as a reward. (Emphasis added).
¶ 9 Section 62 O.S. 373 applies only to a very narrow class of transactions. Oklahoma courts have construed this statute very strictly because of its penal nature. The statute applies only to "the identical transactions which are forbidden therein." Stateex rel. Twist v. Bailey, 295 P.2d 763, 764 (Okla. 1956). InTwist, the court found that the statute did not apply to the facts therein because there was no transfer of property or paying out of money by county officials. The same would be true for county assessors failing or neglecting to assess personal property. There would be no claim that any public official (specifically the county assessor) has improperly paid out money or transferred property by means of an unlawful contract. A taxpayer cannot use the qui tam statute to receive tax monies that may eventually be collected because of his or her complaint.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. 68 O.S. 2831 (1991) mandates that personal propertyshall be listed and assessed at the domicile of its owner andtherefore an Oklahoma resident's farm machinery and equipment aresubject to ad valorem tax even if stored at a location other thanthe domicile.
 2. A taxpayer may seek a writ of mandamus pursuant to 12O.S. 1451 (1991) to compel assessment if a county assessorfails to assess all the taxable property in a county.
 3. The provisions of 62 O.S. 373 (1991) apply only totransactions involving the transfer of property or the paying outof money and may not be used to compel a county assessor todiscover and assess omitted property.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] 12 O.S. 1451 (1991) provides for a writ of mandamus:
 The writ of mandamus may be issued by the Supreme Court or the district court, or any justice or judge thereof, during term, or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion.